HENRY COUNTY, Respondent, *v.* ROBERT ALLEN, PACIFIC RAIL-
ROAD, INTERPLEADER, Appellant.

1. *Agency — County Court — Subscription to railroads —Money not paid over,
etc.*— A County Court levied a tax for the amount of its subscription to a
railroad company, and appointed an agent to receive the money collected,
and to pay it over "when ordered by the court." *Held,* that the railroad
company had no specific or other lien on money collected and in the hands
of the agent, but not ordered to be paid over. The money could be recalled
from the agent at any time before payment to the company. And for refusal
to restore the money on call, the agent became liable to his principal.

*Appeal from Henry Circuit Court.*

*Hicks & Phillips,* for appellant.

I. Allen was not the agent of the county. He was not, in
fact, in the legal acception of the terms, an agent for any one.
The County Court, being itself but an agent for the county, could
not delegate its power. And Allen was but the mere instrument
to do certain acts that the court itself might have done. (Hann.
& St. Jo. R.R. Co. v. Marion County, 36 Mo. 302–3.)

II. The County Court made the subscription. It was valid
and binding. All the authority the County Court had in relation
to the subscription, etc., was administrative and not judicial.

To declare the subscription void would be a judicial proceed-
ing. Where is the law found that clothes the County Court with
jurisdiction to declare the subscription void? It has none. Its
act of nullification was void. So was the order directing Allen to
pay the money into the county treasury void. When the levy
was made and collected, the County Court had no authority to
make an order diverting the money from its proper destination,
the Pacific Railroad.

*H. B. Johnson* and *F. P. Wright,* for respondent.

The railroad company would have no claim to specific money
of the county in the hands of an agent before the same was
ordered to be paid out, but would have to proceed directly against

the county to recover judgment, and to enforce payment of such judgment by *mandamus*.

Until the issue of such order, the funds were subject to the control of the County Court.

ADAMS, Judge, delivered the opinion of the court.

This was a suit for the recovery of a sum of money from the defendant, which he is alleged to have received as agent of the plaintiff and refused to pay over to plaintiff on demand. The Pacific Railroad Company was allowed to interplead in the case, and did so, claiming the money in the hands of defendant as its money. The case was determined in favor of the plaintiff, and judgment rendered against the defendant for $900, balance of money in his hands, and also judgment on interplea against the claimant, and the defendant and claimant have brought the case here by appeal.

The facts are substantially as follows: In 1855 the County Court ordered a subscription to the capital stock of the railroad company for $50,000, and appointed George R. Smith to make the subscription, which was done. The County Court afterwards levied a tax to be collected to pay the calls that might be made on this subscription, and appointed the defendant Allen as agent of the county to represent its interests in all matters connected with the subscription; " to receive the money from the county for the calls of the company for the stock subscribed by said county, and pay the same over to the company *when ordered by the court*, and superintend all the transactions necessary between said county and said Pacific Railroad Company, according to law and the order of the County Court; and that he entered into bond to the county of Henry in the sum of $20,000 for the faithful performance of his duty."

The defendant accepted this appointment, gave the bond, and entered upon the discharge of his duty; received from the collector, under this appointment, over $3,000, and paid it over to the railroad company on the call of the company, except the sum of $900 which was in his hands at the commencement of this suit. The County Court, after the payments referred to, assumed to

make an order on its records annulling the subscription and ordering its agent, Allen, to pay over the balance of the money in his hands into the county treasury.

Many questions have been elaborately argued by the learned counsel for plaintiff, defendant and claimant, which, in the light I view this case, it will be unnecessary to pass on, as they do not properly arise on this record, and anything that might be said would be merely *obiter dicta.*

The validity of the subscription to the railroad company is not involved in this case, and could only arise in a direct proceeding by the company against the county to collect the subscription. Nor is it necessary for us to decide whether the former suit by the Pacific Railroad Company would be a bar to a new suit to enforce payment of the subscription. Nor is it necessary for us to decide whether tax-payers were bound to pay the taxes levied to pay the calls on the subscription.

The County Court assumed that the county was indebted for the amount of the subscription, and proceeded to levy and collect taxes for payment of this indebtedness of the county. The money when so collected belonged to the county for the purpose of paying this alleged indebtedness. It went into the hands of the defendant, as agent of the county, to be paid over on the call of the company, under the order of the County Court. The Pacific Railroad Company had no specific or other lien on this money. It was the money of the county in the hands of its agent, and could be recalled at any time before payment to the company.

Where a principal places money in the hands of his agent to pay a debt, it does not become the property of the creditor. It remains in the hands of the agent, subject to the orders of the principal, and it is the duty of the agent to obey such orders. When the defendant refused to pay over the money to the county treasurer, as ordered by the County Court, he became liable to this action for the amount remaining in his hands.

Judgment affirmed. The other judges concur.